IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

RICHARD CAW, )
 )
          Plaintiff, )
 )
v. ) No. 11-06117-CV-FJG
 )
PORTFOLIO RECOVERY )
ASSOCIATES, LLC )
 )
          Defendant. )

# ORDER

Currently pending before the Court is Defendant Portfolio Recovery Associates, LLC's ("PRA") Motion for Summary Judgment (Doc. No. 28 & 29).

## I. Background

Plaintiff Richard Caw incurred two debts to Southwestern Bell in the amounts of $492.70 and $351.62 pursuant to accounts opened in his name and under his social security number at or around March 1, 1995.[1] Plaintiff claims that the account with the balance of $351.62 was fraudulently opened in his name by his ex-girlfriend who had access to his identifying personal information. As such, Plaintiff did not pay the debts. Plaintiff did not report the alleged fraud to the police or any other authority. Plaintiff never sent written correspondence disputing the debts. (Doc. No. 29, 35 & 40).

On October 11, 2002, PRA purchased the account in the amount of $351.62. On February 18, 2003, PRA purchased the account in the amount of $492.70. PRA's business includes collecting on unpaid, outstanding account balances. As early as November 2002, PRA began attempting to make contact with Plaintiff to collect the debt

---

[1] Plaintiff disputes this fact by noting that he orally disputed the debts with the original creditor (Doc. No. 35).

by placing telephone calls to Plaintiff's landline phone.[2] Defendant's collection efforts continued through December 2011. At the outset of each conversation with Plaintiff, Defendant announced it was calling on behalf of PRA. Defendant never filed a lawsuit against Plaintiff nor stated any intent to do so. On November 6, 2011, Plaintiff began keeping a call log of each time PRA attempted to contact him. The call log purports to show that PRA called Plaintiff on the following dates at the following times: November 6, 2011 "afternoon"; November 13, 2011 at 4:16pm; and November 21, 2011 at 4:30pm. PRA's call log denotes that between September 8, 2011 and December 9, 2011, a period of about 3 months, PRA placed a total of 27 calls to Plaintiff.[3] PRA placed the following number of calls each month: September 2011 (7); October 2011 (10); November 2011 (10); and December 2011(1).[4] PRA placed 2 calls in 1 day on 4 occasions. On each of these 4 occasions, the 2 calls were placed over 7 hours apart. PRA never called Plaintiff before 8:00am or after 9:00pm. On a couple of occasions, a third-party answered the phone and stated the Plaintiff was unavailable. PRA never called, hung up, and immediately called back. Plaintiff never placed a single call to PRA and he refused to allow PRA to discuss his debt with him. (Doc. No. 29, 35 & 40).

On December 12, 2011, Plaintiff filed a Complaint against Defendant PRA for violation of the Fair Debt Collections Act ("FDCPA") (Doc. No. 1). Specifically, Plaintiff alleges the following: (1) Defendant misrepresented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e2; (2) Defendant repeatedly engaged

---

[2] It is disputed whether the calls made at this time were to Plaintiff's actual home as he has changed numbers frequently (Doc. No. 29, 35 & 40).
[3] Plaintiff disputes this fact in that Plaintiff alleges Defendant's collectors were calling from 2002 through December of 2011 and Defendant's collectors, according to PRA's Operations Specialist, are able to make calls that are not reflected in the account notes (Doc. No. 35).
[4] *Supra.*

Plaintiff in conversation with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. § 1692d5; (3) Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. § 1692d6; and (4) the above actions involve unfair and/or unconscionable means to collect or attempt to collect a debt and therefore constitute violation of 15 U.S.C. § 1692f. On August 23, 2012, Defendant filed the present Motion for Summary Judgment (Doc. No. 28).

**II.     Standard**

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

**III. Discussion**

    **A.) Fair Debt Collections Practices Act**

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, [and] to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 318-319 (8th Cir. 2004). Debt collectors are forbidden from (1) using conduct that constitutes harassment, oppression, or abuse; (2) using false, deceptive or misleading misrepresentations; and engaging in unfair or unconscionable means. Rollins v. Portfolio Recovery Associates, LLC, No. 11-00665-CV-W-GAF, 2012 WL 6051999, *2 (W.D.Mo. April 2012) (*citing* 15 U.S.C. §1692d, 1692e, 1692f).

FDCPA requires that courts apply the "unsophisticated consumer" standard. Rollins, 2012 WL 6051999, *3. This includes an "objective element of reasonableness" which ensures debt collectors remain free "from liability for peculiar interpretations of collection [attempts]." Id. (*quoting* Strand, 380 F.3d at 318).

    **B.) Misrepresentation of Character, Amount, and Legal Status of Debt**

Plaintiff claims Defendant violated 15 U.S.C. § 1692e2 by attempting collection of a time-barred debt. Although, under Missouri law, the statute of limitations period is five years for all actions upon contracts, obligations or liabilities, under the FDCPA, in the absence of the threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt. Eckert v. LVNV Funding LLC, 647 F.Supp.2d 1096, 1104-05 (E.D.Mo. 2009). See also

Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001). As such, Defendant is entitled to summary judgment on this issue.

### C.) Intent to Annoy, Abuse, or Harass

The FDCPA prohibits collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "A non-exhaustive list of prohibited conduct includes, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."" Rollins, 2012 WL 6051999, * 3 (*quoting* 15 U.S.C. § 1692d5). In making this determination, courts must consider the volume and pattern of calls. Id. "Daily calls unaccompanied by other egregious conduct are insufficient to raise a triable issue of fact for a jury." Rollins, 2012 WL 6051999, *3.

Here, the record is devoid of any evidence which points to any particularly egregious conduct on the part of the Defendant other than daily calls – ranging from 30 to 35 total calls in the last year and 100 total calls since 2002[5] - attempting to collect Plaintiff's outstanding debt. As such, Defendant is entitled to summary judgment on this issue.

### D.) Meaningful Disclosure of Caller's Identity

Debt collectors must disclose their identity when placing phone calls to debtors. 15 U.S.C. § 1692d6. Although Plaintiff's Complaint states that Defendant failed to meaningfully disclose its identity during each of the phone calls placed to collect Plaintiff's debt, Plaintiff's deposition states that each time PRA called him, "they would proudly announce that they are with Portfolio Recovery…and were calling in regards to

---

[5] Doc. No. 29-1 & 29-2.

this past…due account with Southwestern Bell." (Doc. No. 29-2). Furthermore, Plaintiff failed to address this assertion in its response to Defendant's Motion for Summary Judgment. As such, Defendant is entitled to summary judgment on this issue.

### E.) Unfair or Unconscionable Means

A debt collector may not use an "unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. Plaintiff does not present any specific facts in support of its assertion that Defendant violated this subsection. Instead, Defendant relies on the mere fact that, taken as a whole, Defendant's collection activities have been directed toward Plaintiff for over eight years and restarted in the year prior to the instant suit. This is too generalized to raise a triable issue that Defendant engaged in unfair or unconscionable conduct. Rollins, 2012 WL 6051999, *4. As such, Defendant is entitled to summary judgment on this issue.

## IV. Conclusion

Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 28 & 29) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date: <u>January 2, 2013</u>　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge